JAMES H. MOON (State Bar No. 268215)
jamesmoon@dwt.com
BRANDON M. STOFFERS (State Bar No. 334895)
brandonstoffers@dwt.com
DAVIS WRIGHT TREMAINE LLP
350 South Grand Avenue, 27th Floor
Los Angeles, California 90071
Telephone: (213) 633-6800
Facsimile: (213) 633-6899

*Attorneys for Defendant*
*Mephisto, Inc.*

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REBEKA RODRIGUEZ,<br><br>　　　　　　Plaintiff,<br><br>　vs.<br><br>MEPHISTO, INC.,<br><br>　　　　　　Defendant. | Case No. **'25CV2094 DMS JLB**<br><br>**DEFENDANT MEPHISTO, INC.'S NOTICE OF REMOVAL**<br><br>[From the Superior Court of California, County of San Diego, Case No. 25CU034685C]<br><br>Compl. Filed:　　July 1, 2025<br>Action Removed:　August 14, 2025 |

DEFENDANT MEPHISTO'S NOTICE OF REMOVAL

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

**TO THE CLERK AND TO PLAINTIFF AND HER ATTORNEYS:**

**PLEASE TAKE NOTICE** that Defendant Mephisto, Inc. ("Mephisto") hereby removes this action from the Superior Court of the State of California for the County of San Diego to the United States District Court for the Southern District of California. Mephisto is entitled to remove this action pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 based on the following:

### State Court Action

1. On July 1, 2025, Plaintiff Rebeka Rodriguez commenced this action in the Superior Court of the State of California in and for the County of San Diego, captioned *Rebeka Rodriguez v. Mephisto, Inc.*, Case No. 25CU034685C (the "State Court Action"). A true and correct copy of the complaint in the State Court Action is attached hereto as **Exhibit 1** (the "Complaint"). Ms. Rodriguez served the Complaint on Mephisto on July 15, 2025.

2. Ms. Rodriguez's Complaint alleges that Mephisto advertises "fictitious prices" and "phantom discounts" for its products on its website www.mephistousa.com. (*E.g.* Compl. ¶¶ 7–10.) She alleges she purchased a product on the website, and that she was injured as a result. (*Id.* ¶¶ 8, 27, 37.) Ms. Rodriguez brings claims for violations of California's False Advertising Law ("FAL"), Cal. Bus. & Prof. Code § 17501, and the Consumers Legal Remedies Act ("CLRA"), Cal. Civ. Code § 1750 *et. seq.* (*Id.* ¶¶ 23–38.) She seeks "all available legal, equitable, and declaratory relief," "statutory damages," and "attorneys' fees," as well as "any and all other relief at law or equity that may be appropriate." (Compl. at Prayer).

3. In addition to the pleadings and filings mentioned above, all other pleadings, processes, and orders served upon or received by Mephisto in the State Court Action or found on the docket in that action are attached hereto.

    a.    The Complaint is attached hereto as **Exhibit 1**;

    b.    The Summons is attached hereto as **Exhibit 2**;

1

DEFENDANT MEPHISTO'S NOTICE OF REMOVAL

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

      c.      The Civil Case Cover Sheet is attached hereto as **Exhibit 3**;

      d.      The Notice of Case Assignment is attached hereto as **Exhibit 4**;

      e.      The Notice to Litigants is attached hereto as **Exhibit 5**;

      f.      The Stipulation to Use Alternative Dispute Resolution Notice form is attached hereto as **Exhibit 6**;

      g.      The Proof of Service of Summons is attached hereto as **Exhibit 7**; and

      h.      A copy of the docket in the State Court Action is attached hereto as **Exhibit 8**;

4. The State Court Action is removable to this Court because the Court has original jurisdiction under 28 U.S.C. § 1332(a)(1), and the Southern District of California encompasses the location in which the State Court Action is currently pending (San Diego, California). *See* 28 U.S.C. § 84 (setting San Diego County in the Southern District); *id.* § 1441(a) ("[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending.").

**The Action Is Removable Under Diversity Jurisdiction, 28 U.S.C. § 1332(a)(1)**

5. This Court has original jurisdiction under 28 U.S.C. § 1332(a)(1) because the parties are citizens of different states and the amount in controversy exceeds $75,000.

*The Parties Are Citizens of Different States*

6. An action is removable based on diversity jurisdiction if the controversy is between "citizens of different States." 28 U.S.C. § 1332(a)(1).

7. On information and belief, Ms. Rodriguez is a citizen and resident of California. (Compl. ¶ 4.) Since 2022 she has filed numerous consumer lawsuits in California state and federal courts with the same counsel representing her as here.

2

DEFENDANT MEPHISTO'S NOTICE OF REMOVAL

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

8. Mephisto is a corporation incorporated in Tennessee and has its principal place of business in Franklin, Tennessee. Mephisto is thus a citizen of Tennessee for purposes of determining diversity. *See* 28 U.S.C. § 1332(c)(1).

9. Therefore, complete diversity of citizenship exists between the parties in this case.

### *The Amount in Controversy Exceeds $75,000*

10. Where, as here, "the plaintiff's complaint does not state the amount in controversy, the defendant's notice of removal may do so." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 84 (2014). To establish the amount in controversy, a notice of removal "need not contain evidentiary submissions." *Id.* Rather, "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Id.* at 89.

11. For purposes of removal only, and without conceding Ms. Rodriguez is entitled to any damages, remedies, or penalties whatsoever, the aggregated claims, as pleaded in the Complaint, exceed the jurisdictional amount of $75,000 exclusive of interest and costs. *See* 28 U.S.C. § 1332(a); *see also Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 793 (9th Cir. 2018) ("the amount in controversy is the 'amount at stake in the underlying litigation'") (citation omitted); *Woods v. CVS Pharmacy, Inc.*, 2014 WL 360185, at *2 (C.D. Cal. Jan. 30, 2014) ("The ultimate inquiry is what amount is put 'in controversy' by the plaintiff's complaint, not what a defendant will *actually* owe.") (citation omitted). At least $75,000 is at stake in this litigation as independently established through the following elements:

   a. *Cost of Injunctive Relief Will Exceed $75,000.* Ms. Rodriguez seeks injunctive relief in the Complaint which would require Mephisto to cease its conduct and change its pricing and advertising strategy across the www.mephistousa.com website. (Compl. ¶ 21 and Prayer.) The "costs of complying with an injunction" are considered in calculating the amount in controversy. *Fritsch*, 899 F.3d at 793; *see also Pagel v. Dairy Farmers of Am.,*

3
DEFENDANT MEPHISTO'S NOTICE OF REMOVAL

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

*Inc.*, 986 F. Supp. 2d 1151, 1158 (C.D. Cal. 2013). Creating a new pricing and advertising strategy is a complicated and time-consuming task, and Mephisto in no way concedes that such relief is justified or appropriate. The costs to Mephisto of complying with Ms. Rodriguez's requested injunctive relief alone will likely exceed $75,000.

    b. *Attorneys' Fees Will Exceed $75,000.* The Complaint also seeks attorneys' fees. (Compl. at Prayer.) In the Ninth Circuit, the amount in controversy includes future attorneys' fees. *See Fritsch*, 899 F.3d at 794 ("a court must include future attorneys' fees recoverable by statute or contract when assessing whether the amount-in-controversy requirement is met"). Under the CLRA, "[t]he court shall award court costs and attorney's fees to a prevailing plaintiff in litigation." Cal. Civ. Code § 1780(e). A removing defendant can establish the likely attorneys' fees for purposes of determining the amount in controversy by identifying cases in which the plaintiff's counsel has requested similar fees. *See Greene v. Harley-Davidson, Inc.*, 965 F.3d 767, 774 n.4 (9th Cir. 2020). Ms. Rodriguez's attorney, Scott Ferrell, sought and was awarded attorneys' fees in an individual action at an hourly rate of $850 in 2022. *See Hedley & Bennett, Inc. v. Mejico,* 2022 WL 2309891, at *2 (C.D. Cal. June 24, 2022) (awarding attorneys' fees to Mr. Ferrell at a rate of $850 per hour, and to his colleague at a rate of $750 per hour). *See also Martin v. Servicemaster Co., LLC*, 2018 WL 11483059, at *2 (C.D. Cal. Aug. 28, 2018) (denying motion to remand because the amount in controversy was met in part by attorney's fees based on Mr. Ferrell's then-rate of $750 per hour). Ms. Rodriguez's attorney would likely seek an award of at least $75,000 in fees—for this amount he need bill only about 89 hours. A plaintiff's counsel is likely to have spent dozens of hours in conducting due diligence, drafting, and serving the complaint and preparing other filings. Additionally, Plaintiff alleges she intends to "amend this Complaint to assert claims on behalf of a class." (Compl. ¶ 22.) Responding to Mephisto's anticipated motion to dismiss the complaint and, should

DEFENDANT MEPHISTO'S NOTICE OF REMOVAL 4

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

this litigation proceed past the pleadings, discovery and motion practice on class certification and summary judgment will easily require Ms. Rodriguez's counsel to expend more than 89 hours on this case.

12. Ms. Rodriguez's pleaded assertions and theories of recovery establish the amount in controversy exceeds $75,000 as either the injunctive relief or attorneys' fees alone will exceed $75,000.

## Mephisto Satisfies the Requirements of 28 U.S.C. § 1446

13. This Notice of Removal is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure. *See* U.S.C. § 1446(a).

14. This Notice of Removal has been filed within 30 days of July 15, 2025, the date Ms. Rodriguez served the Complaint on Mephisto. *See* 28 U.S.C. § 1446(b)(2)(3).

15. Concurrently with the filing of this Notice, Mephisto is giving written notice to all adverse parties and is filing a copy of this Notice with the clerk of the Superior Court of the State of California in and for the County of San Diego. *See* 28 U.S.C. § 1446(d).

16. Mephisto does not waive and expressly reserves all objections, defenses, and exceptions authorized by law, including but not limited to those pursuant to Rule 12 of the Federal Rules of Civil Procedure.

WHEREFORE, Mephisto removes the State Court Action to this Court.

DATED: August 14, 2025        DAVIS WRIGHT TREMAINE LLP

By: /s/ James H. Moon
     James H. Moon

*Attorneys for Defendant Mephisto, Inc.*

5
DEFENDANT MEPHISTO'S NOTICE OF REMOVAL

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

# PROOF OF SERVICE BY U.S. MAIL AND EMAIL

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the county of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 350 S. Grand Avenue, 27th Floor, Los Angeles, California 90071.

On August 14, 2025, I served the foregoing document described as **DEFENDANT MEPHISTO, INC.'S NOTICE OF REMOVAL** on the interested parties in this action as follows:

Scott J. Ferrell
Victoria C. Knowles
Pacific Trial Attorneys
4100 Newport Place Drive, Ste. 800
Newport Beach, CA 92660
Telephone:    949-706-6464
E-mail:    sferrell@pacifictrialattorneys.com
          vknowles@pacifictrialattorneys.com

*Attorneys for Plaintiff Rebeka Rodriguez*

__X__ **VIA ELECTRONIC SERVICE:** As follows: I caused the aforementioned document to be electronically served on all counsel of record to the above-listed electronic mail addresses from tonyafrazier@dwt.com. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

__X__ **VIA U.S. MAIL:** By placing a true copy in sealed envelope addressed as stated above. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice, it would be deposited with the United States Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed August 14, 2025, at Los Angeles, California.

_____
Tonya Frazier

1
DEFENDANT MEPHISTO'S NOTICE OF REMOVAL

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899